**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **RICHARD FUISZ and JOSEPH FUISZ,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**TEVA PHARMACEUTICALS USA, INC., PAR PHARMACEUTICAL, INC., and INTELGENX TECHNOLOGIES CORP,**<br><br>    **Defendants.** | **CASE NO. 1:16-cv-21017**<br><br>(Pending in Delaware Distr. Ct. Case Nos. 14-cv-1451-RGA, 14-cv-1573-RGA & 14-cv-1574-RGA) |

**PLAINTIFFS' JOINT MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM, AND OBJECTIONS, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 45 and 26(c) of the Federal Rules of Civil Procedure, RICHARD FUISZ and JOSEPH FUISZ ("Fuiszes"), by and through undersigned counsel, hereby move this Court to quash or modify non-party Subpoenas Duces Tecum issued in the U.S. District Court of Delaware by Defendants TEVA PHARMACEUTICALS USA, INC., ("TEVA"), PAR PHARMACEUTICAL, INC., ("PAR"), and INTELGENX TECHNOLOGIES CORP. ("INTELGENX") (collectively "Defendants"), and request entry of a protective order. In support thereof, Plaintiffs state:

**INTRODUCTION**

The non-party subpoenas Plaintiffs seek to quash or modify require the Plaintiffs to produce for deposition documents and testify in this District regarding patent infringement and claim construction litigation in the Pending Delaware Cases[1] involving

---

[1] Distr. Ct. Case Nos. 14-cv-1451-RGA, 14-cv-1573-RGA & 14-cv-1574-RGA.

1

the Defendants/ANDA[2] Applicants who are seeking approval to manufacture and sell a generic version of the branded pharmaceutical, Suboxone®, a sublingual film containing buprenorphine hydrochloride and naloxone hydrochloride, prior to the expiration of specified patents for Suboxone®.  Two of the Defendants, PAR and INTELGENX, have previously deposed and obtained documents from these Plaintiffs regarding two (2) specified Orange Book[3] formulation patents and four (4) related patents that are the subject of the Delaware litigation.   The subpoenas further engage in a fishing expedition, seeking irrelevant, highly confidential and voluminous records, filed under seal and subject to a Protective Order, from settled patent litigation between Theranos, Inc., Elizbeth Holmes, Fuisz Pharma, LLC, and these Plaintiffs ("Theranos Litigation"), regarding wholly unrelated Medical Device Patents.  As a result, Plaintiffs request this Court to limit the scope of their testimony and document production required.

## STATEMENT OF FACTS

1.   Defendants TEVA, PAR and INTELGENX are Defendants in a patent infringement disputes filed in the United States District Court of Delaware arising from the Defendants' submission of ANDAs to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Suboxone® sublingual film prior to the expiration of the five (5) patents asserted in that action.  The Suboxone® patent owners and licensees ("Suboxone® Patent Holders") have sought to prevent ANDA Applicants, including the Defendants herein, from manufacturing equivalent generic

---

[2] Abbreviated New Drug Application ("ANDA").
[3] Approved Drug Products with Therapeutic Equivalence Evaluations, commonly known as the "Orange Book."

products. The ANDA Applicants have asserted that specified Suboxone® patents are "invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in" in their respective applications. See allegations in Complaint and Answers, incorporated by reference herein, in Composite Exhibit "A."[4]

2. The Plaintiffs are not parties to the Delaware action, and are only identified in the Delaware pleadings as one of several inventors for the patents owned by one or more of the following Delaware plaintiffs: Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"), RB Pharmaceuticals Limited ("RBP UK") and Monosol RX, LLC. ("Monosol")(collectively "Patent Owners"). See Comp. Ex. "A."

3. On December 11 and December 12, 2014, after the assertion of objections and a privilege log similar to those raised here,[5] the depositions of Plaintiffs Richard Fuisz and Joseph Fuisz were taken pursuant to issuance of Subpoenas Duces Tecum (Comp. Ex. "B") by Defendants PAR, INTELGENX and other ANDA Applicants. The deposition subpoenas sought documents and records regarding the following eight (8) related Suboxone® patent/application numbers ("First Deposition Patents"), of which the patents and application <u>underlined</u> are the subject of the Subpoenas Duces Tecum at issue here:

    1) <u>U.S. Patent No. 8,017,150</u>[6] ("'<u>150 Patent</u>").

    2) <u>U.S. Patent No. 8,603,514</u>[7] ("'<u>514 Patent</u>").

    3) <u>U.S. Patent No. 7,824,588</u> ("'<u>588 Patent</u>").

---

[4] All Exhibits referenced herein are filed with a separate Notice of Filing.
[5] No party disputed the objections raised or disputed the privilege designations.
[6] Titled "Polyethylene Oxide-Based Films and Drug Delivery Systems Made Therefrom."
[7] Titled "Uniform Films for Rapid Dissolve Dosage Form Incorporating Taste-Masking Compositions."

    4)    <u>U.S. Patent No. 7,910,031</u> ("'031 Patent").

    5)    <u>U.S. Patent No. 7,897,080</u> ("'080 Patent").

    6)    <u>U.S. Patent Applic. No.13/052,655</u> ("'655 Patent Applic.").

    7)    U.S. Patent No. 13/342,614 ("'614 Patent Applic.").

    8)    U.S. Patent No. 13/853,253 ("'253 Patent Applic.").

See Composite Exhibit "B," incorporated by reference herein.

    4.    Based upon information and belief, upon commencement of the Pending Delaware Actions, the discovery in the matter involving the First Deposition Patents, were provided to the Defendants herein by the Fuisz's prior counsel, Steptoe and Johnson, and objections and a privilege log were served prior to the First Deposition. See Exhibits "D" and "E," respectively. Accordingly, the Defendants verbally advised undersigned counsel that the Defendants are not seeking the same documents previously produced.

    5.    In addition to the underlined patent and application numbers specified in Paragraphs 2.1 through 2.6, the Subpoenas Duces Tecum at issue here seek production of documents and testimony regarding the following 16 additional related Suboxone® patents/applications ("Additional Patents"):

    1)    U.S. Patent No. 8,475,832[8] ("'832 Patent").

    2)    U.S. Patent No. 8,900,497[9] ("'497 Patent").

    3)    U.S. Patent No. 8,906,277[10] ("'277 Patent").

---

[8] Titled "Sublingual and Buccal Film Composition."
[9] "Process for Making a Film Having a Substantially Uniform Distribution of Components."
[10] "Process for Manufacturing a Resulting Pharmaceutical Film."

4) U.S. Patent No. 60/328,868 ("'868 Patent").

5) U.S. Patent No. 10/074/272 ("'272 Patent").

6) U.S. Patent No. 60/371,940 ("'940 Patent").

7) U.S. Patent No. 60/414,276 ("'276 Patent").

8) U.S. Patent No. 60/386,937 ("'937 Patent").

9) U.S. Patent No. 60/433,741 ("'741 Patent").

10) U.S. Patent No. 10/768,809 ("'809 Patent").

11) U.S. Patent No. 10/856,176 ("'176 Patent").

12) U.S. Patent No. 12/102,071 ("'071 Patent").

13) U.S. Patent No. 12/411,835 ("'835 Patent").

14) U.S. Patent No. 13/035,328 ("'328 Patent").

15) U.S. Patent No. 13/853,233 ("'233 Patent").

16) U.S. Patent No. 12/537,571 ("'571 Patent").

See Composite Exhibit "C," incorporated by reference herein.

6. The Subpoenas Duces Tecum further seek, without limitation:

> Any Documents regarding *Theranos, Inc. et al. v. Fuisz Pharma LLC* (C.A. No. 11-5236-PSG, N.D. Cal.), including any settlement agreements.

See Comp. Ex. "C," document request item no. 7. The *Theranos* patent case involved patents for a device -- a body fluid analyzer – which is a medical device similar in appearance to a blood glucose monitor.

7. Additionally, the Defendants' subpoenas seek an undiscerning breadth of documents, including documents that are irrelevant to the matters plead in the Pending

5

Delaware Actions and impose an undue burden on these Non-Party witnesses, by seeking "all" or "any" documents, written correspondence or "information" "relating to" the "subject matter" of particular matters, without limitation to the issues relevant to the Delaware matters.

8.    As a result, on February 12, 2016, the undersigned sent objections and supplemental objections to Defendants' counsel.  As more specifically set forth *infra*, the objections raised general and specific objections to the relevance of the documents requested, the privileged nature of documents, and overbroad, vague and burdensomeness of the document requests upon non-party witnesses.  The objections specifically asserted that the documents regarding the *Theranos* matter are subject to a Protective Order, confidentiality agreements and are wholly irrelevant to the Suboxone® Patents at issue and related patents involved in the Delaware actions.   On February 19, 2016, the Defendants informed Plaintiffs' counsel that it would not modify the document request in the Subpoenas at issue here.

9.    Accordingly, on February 23, 2016, Plaintiffs' counsel formally notified Theranos' and Ms. Holmes' counsel that the Defendants were seeking documents subject to the Protective Order and confidentiality agreements in the *Theranos* litigation.  On March 1, 2016, Defendants' counsel informed Theranos' counsel that they were not interested in seeking production of any information that Theranos produced or designated, or any Theranos witness's deposition testimony in the *Theranos* litigation.  Defendants' counsel further informed Theranos' counsel that they were only seeking:

a) Documents the Fuiszes produced relating to the Fuiszes' all of the

6

       prosecution documents regarding the conception and reduction to practice of the Fuiszes' '612 Patent at issue in the *Theranos* matter

  b) The deposition transcripts of the Fuiszes, all of which was designated as Highly Confidential, and the trial testimony of the Fuiszes in *Theranos*.

  c) The settlement agreement in the *Theranos* case.

10.    On March 17, 2016, the undersigned, after reviewing the Fuiszes' First Depositions and production, informed the Defendants' counsel that the Plaintiffs will maintain their objections and file a motion seeking relief from the Court. The Plaintiffs additionally requested that the scope of the depositions be limited concerning the patents addressed in the December 2014 depositions, because no valid basis exists to fully re-depose the Fuiszes on those patents – which are the six (6) underlined patent/application numbers listed in Paragraphs 2.1 through 2.6 above.

On this date, March 18, 2016, the Defendants advised that they are willing to work to arrive at a mutually agreeable scope of documents and depositions, but cannot agree to <u>not</u> re-depose the Fuiszes regarding the six patent/application numbers listed in Paragraphs 2.1 through 2.6. The Defendants agreed to reduce the scope of the request in the *Theranos* matter to the transcripts of the Fuiszes' deposition testimony.[11] However, the Defendants did not define what the "mutually agreeable scope of documents" and areas of inquiry regarding the six (6) Patents/Applications would be, or provide any factual basis as to why the *Theranos* matter involving a blood testing device patent – or the Fuiszes testimony in that matter -- is relevant to the claim challenges in the Pending Suboxone® Patent Cases. As a result, the Plaintiffs maintain that production of their *Theranos* deposition testimony

---

[11] The trial testimony of Richard Fuisz is publicly available. Joseph Fuisz did not testify at trial.

should not be required.[12]

Undersigned counsel hereby certifies that she has conferred with Defendants' counsel as indicated above regarding the Plaintiffs' objections. The parties have have resolved witness fee issues and agreed to reset the deposition dates to April 5th and 6th. However, an agreement has not been reached regarding the objections concerning the scope of the second depositions or additional documents sought. Accordingly, the Fuiszes seek an Order from this Court quashing or modifying the scope and nature of the documents to be produced in response to the subpoenas and the scope of the deposition into areas that the Court grants relief. In support thereof, the Plaintiffs state:

## MEMORANDUM OF LAW AND OBJECTIONS

Rule 45(d)(3) provides the mechanism for quashing a subpoena and it empowers the issuing court to quash a subpoena which subjects the recipient to undue burden. Fed.R.Civ.P. 45(d)(3)(A)(iv). A subpoena issued under Rule 45 must clear the same relevance hurdle as discovery between parties under Rules 26 and 34. *See Kona Springs Water Dist. Ltd. v. World Triathlon Corp.,* 2006 WL 905517 at *2 (M.D. Fla. 2006) (well settled that scope of discovery under subpoena *duces tecum* same as scope of discovery under Rules 26 and 34). In order for a subject matter to be discoverable under Rule 26, it must be, "relevant to any party's claim or defense."

---

[12] If production is required, the Theranos's counsel has advised the undersigned that they will request the undersigned to redact selected portions of the Fuiszes' deposition transcripts in the *Theranos* matter to be redacted before disclosure, which would be submitted to the Court for in camera review.

Where a deposition subpoena is served on a non-party that fails to unambiguously request relevant evidence, the courts will readily quash such a subpoena even without requiring any particular showing of undue burden.  "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed  as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).  *See also Sanofi-Synthelabo v. Apotex Inc.*, No. 02-cv-2255, 2009 WL 5247497 (S.D.N.Y. Dec. 30, 2009) (quashing subpoenas where topics were not relevant to issues then pending in lawsuit); *Fago v. City of Hartford*, No. Civ.3:02 CV 1189 AHN, 2003 WL 23689571, at *2 (D. Conn. Dec. 31, 2003) (quashing subpoena where information sought "is not nor likely to be relevant to [the plaintiff's] claim"); *Williams v. Mercogliano*, No. 07-60383-CIV, 2008 WL 4279670 (S.D. Fla. Sept. 16, 2008) (quashing deposition of judge and attorneys solely on basis that their "potential testimony is irrelevant," without considering burden).

"In the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance."  *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (internal quotations and citation omitted). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998).

## **OBJECTIONS AND RESPONSES**

**A.     GENERAL OBJECTIONS:**

Plaintiffs object to the Subpoenas to the extent the document requests are not confined to a relevant time period and are duplicative, overbroad, unduly burdensome, oppressive, and seek information that is irrelevant, immaterial, or not otherwise reasonably calculated to lead to the discovery of admissible evidence. It is well established that the discovery limitations of Rule 26 apply to Rule 45 non-party subpoenas. *See Barrington v. Mortgage It, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) (citations omitted). To the extent that the Subpoenas seek to re-depose these same non-party witnesses and request unspecified documents purportedly not produced at their First Depositions, the subpoenas are unduly burdensome, vague and seek information irrelevant and not reasonably calculated to lead to discoverable evidence. Re-depositions of non-party witnesses, without establishing cause, should not be permitted to address the same materials, absent evidence that witnesses in the First Depositions failed to properly respond in the December 2014 depositions to questions concerning the patents at issue in that case, or that the production was improper. If re-depositions were routinely allowed to address duplicative subjects or materials, the Defendants could seek additional depositions of the same witnesses each time additional ANDA litigation commences; or piggy-back a subsequent ANDA applicant's depositions of the non-parties -- as the PAR and INTELGENX Defendants have here. Further, duplicative document requests do not comport with Rule 26(b)(2) of the Federal Rules of Civil Procedure. See *Nova Biomedical Corp. v. I-Stat Corp*, 182 F.R.D. 419, 423 (S.D.N.Y. 1998)(quashing subpoenas that contain requests that are repetitive and correspond with requests in earlier subpoenas).

B.  **SPECIFIC OBJECTIONS:**

**DOCUMENT REQUEST NO. 1:**

>All Documents concerning the subject matter described or claimed in the Patents-in-suit, including any research, experimentation, studies, or development conducted in connection with the alleged invention described or claimed.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the general objections above, the Plaintiffs object to this request as being overly broad, vague and unduly burdensome.  Plaintiffs further object to this request to the extent that it calls for information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.  For the purposes of this motion, the Plaintiffs incorporate by reference the privilege log served in the Delaware patent litigation, and reserve the right to serve additional privilege logs for any additional documents produced in response to the subject subpoenas.

Subject to and without waiving any of the foregoing objections, Fuiszes respond that it will produce and/or make available for inspection documents responsive to the issues in the Delaware litigation, non-privileged, documents, to the extent such documents exist and are in Fuiszes' possession, custody, or control, at a reasonable time and place.

**DOCUMENT REQUEST NO. 2:**

>All Documents concerning the preparation, prosecution, and/or prosecution history of the patent applications from which the Patents-in-suit issued.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to their General Objections, Fuiszes object to this request as being overly

broad, vague and unduly burdensome. Fuiszes further object to this request to the extent that it calls for information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.

Subject to and without waiving any of the foregoing general and specific objections, Fuiszes respond that it will produce and/or make available for inspection responsive, non-privileged, documents, to the extent such documents exist and are in Fuiszes' possession, custody, or control, at a reasonable time and place pursuant to a properly issued Subpoena.

**DOCUMENT REQUEST NO. 3:**

All Documents concerning your prior testimony relating to the subject matter of the Patents-in-suit or any Related Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to their General Objections, Fuiszes object to this request as being overly broad, vague and unduly burdensome. Fuiszes further object to this request to the extent that it calls for information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.

Subject to and without waiving any of the foregoing general and specific objections, Fuiszes respond that they will produce and/or make available for inspection responsive, non-privileged documents, to the extent such documents exist and are in Fuiszes' possession, custody, or control, at a reasonable time and place pursuant to a properly issued subpoena.

**DOCUMENT REQUEST NO. 4:**

Any Documents or information on which you relied to prepare for the above described testimony.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to their General Objections, Fuiszes object to this request as being overly broad, vague and unduly burdensome. Fuiszes further object to this request to the extent that it calls for information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.

Subject to and without waiving any of the foregoing general and specific objections, Fuiszes respond that they will produce and/or make available for inspection responsive, non-privileged documents, to the extent such documents exist and are in Fuiszes' possession, custody, or control, at a reasonable time and place pursuant to a properly issued subpoena.

**DOCUMENT REQUEST NO. 5:**

Any Documents or information concerning or related to your employment, engagement, or interactions by or with RBP or MonoSol.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Fuiszes object to this request as being irrelevant, overly broad, unduly burdensome, and duplicative. Fuiszes further object to this request to the extent that it calls for information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.

Subject to and without waiving any of the foregoing general and specific objections, Fuiszes respond that they will produce and/or make available for inspection responsive, non-privileged documents, to the extent such documents exist and are in Fuiszes' possession, custody, or control, at a reasonable time and place pursuant to a properly issued subpoena.

**DOCUMENT REQUEST NO. 6:**

>All written communications and documents concerning the Patents-in-suit, any Related Patent, or the subject matter claimed or described in the Patents-in-suit, any Related Patent, or this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to their General Objections, Fuiszes object to this request as being overly broad, duplicative, unduly burdensome and/or irrelevant. The Fuiszes further objects to this request to the extent that it calls for information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.

Subject to and without waiving any of the foregoing general and specific objections, Fuiszes respond that they will produce and/or make available for inspection responsive, non-privileged documents, to the extent such documents exist and are in Fuiszes' possession, custody, or control, at a reasonable time and place pursuant to a properly issued subpoena.

**DOCUMENT REQUEST NO. 7:**

>Any Documents regarding *Theranos, Inc. et al. v. Fuisz Pharma, LLC* (C.A. No. 11-5236-PSG, N.D. Cal.), including any settlement agreements.

Based upon Defendants' representations,[13] the scope of this request has been narrowed to

---

[13] In the event the Defendants rescind or disagree with Plaintiffs' representation regarding the Defendants' agreement to limit the scope of documents requested to the deposition subpoenas, the subpoenas, as written, would subject the movants to the undue burden of having to violate the protective orders and confidentiality agreements that were issued in *Theranos, Inc. et al. v. Fuisz Pharma, LLC* (C.A. No. 11-5236-PSG, N.D. Cal.), or the undue burden of seeking rescission of a Protective Order in another District involving an adverse party. Principles of comity and respect for the effect of preexisting judicial orders also compel the granting of the relief); *Dushkin Pub 'g Group. Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D. D.C. 1991)  (declining as a matter of comity and respect for another federal court to modify a protective order issued by the other court and instead requiring the party seeking the  modification  to  first  go  to  the

the Fuiszes' deposition and trial testimony.  However, even as narrowed and assuming the other parties to that litigation, Theranos and Holmes, raise no objections to the requested transcripts, the patents litigated in Theranos are wholly unrelated and irrelevant to the patents in the Delaware litigation.   The Defendants have not asserted any defense or counterclaim that would render the issues in the Theranos litigation relevant or material in the instant Delaware Patent litigation.  See *Wyeth v. Impax Labs*, 248 F.R.D. 169, 170-71 (D. Del. 2006)(finding overbroad and striking a request for all documents in a related Teva litigation).    Further, the Fuiszes object to the extent the subpoenas call for, or the depositions contain, information protected by any applicable privilege, immunity, restriction on discovery, protection or rule of confidentiality.

---

issuing court)); see also  "); *Dart Indus., Inc. v. Liquid Nitrogen Processing Corp. of California,* 50 F.R.D. 286, 291-92 (D. Del. 1970) (in the interest of comity, limiting production and inspection of documents to be  produced in this action to those not covered by any protective order of the Illinois district court in a prior lawsuit).

With regard to the request for settlement documents, the fact that such documents may provide the Defendants with insight as to litigation strategies or settlement options, does not make them relevant to the claims or defenses in the Delaware case.  *See United States v. Contra Costa County Water Dist.,* 678 F.2d, 90, 92 (9th Cir. 1982) (stating that one reason settlement negotiations are not admissible under Rule 408 is "the evidence is irrelevant" since it is "motivated by a desire for peace rather than from a concession of the merits of the claim"); *McInnis v. A.MF.,* Inc., 765 F.2d 240, 249 (1st Cir. 1985) (discussing that prior settlements are not be relevant because "an innocent third party may settle.. . merely to avoid the burdens of litigation").

In addition, the information sought regarding any resolution or settlement of disputes is confidential commercial information.  Fed.R.Civ.P. 45(d)(3)(B)(i) provides that the Court may quash a subpoena that requires a person to disclose "trade secret or other confidential research, development or commercial information."  Many Courts have recognized that the terms of settlement agreements entered into with the expectation of confidentiality should be shielded from discovery.  *See Goodyear Tire & Rubber Co., v. Chiles Power Supply, Inc.,* 332 F.3d 976, 980 (6th Cir. 2003) ("[t]here exists a strong public policy in favor of the secrecy of matters discussed by parties during settlement negotiations.. .confidential settlement communications are a tradition in this country"); *Palmieri v. State of NY,* 779 F.2d 861, *865* (2d Cir. 1985) quoting *In re Franklin Nat'l Bank Securities Litigation,* 92 F.R.D. 468, 478 (E.D.N.Y. 1981) ("secrecy of settlement terms is a well-established American litigation practice").

Importantly, in addition to the fact that providing the information sought in the Subpoena would conflict with the Plaintiffs' confidentiality obligations, compliance with the Subpoena requires Plaintiffs to provide manufacturers of product lines competing with their inventions with confidential commercial information.  The *Theranos* dispute was a heavily litigated matter and the settlement terms were reached only after involved, protracted, expensive negotiations and legal jousting.   To allow Defendants to have access to the terms of settlement and documents subject to confidentiality agreements and protective orders would place the Fuiszes at a commercial disadvantage, and provide Defendants with the fruits of significant labor expended in their dispute with *Theranos.*  Accordingly, this Court should find that even if the information sought by the Subpoena is relevant, the information is confidential and commercial information that is subject to protection under Rule 45(d)(3)(B)(i).

## **CONCLUSION**

IN CONCLUSION, for the reasons set forth above, the Plaintiffs respectfully request that the Court quash the subpoenas issued by the Defendants in this District, or alternatively, modify the Subpoenas issued.

Dated: March 19, 2016	Respectfully submitted,

/s/ *Rhonda A. Anderson*

Rhonda A. Anderson
Fla. Bar No. 708038
Rhonda A. Anderson, P.A.
2655 LeJeune Rd., Suite 540
Coral Gables, Florida 33134
2655 LeJeune Road, Suite 540
Coral Gables, Florida 33134
Tele:   305-567-3004
Fax:    305-476-9837
Email: randersonlaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2016, true and correct copies of the foregoing were caused to be served via electronic mail upon the individuals in the Service List below via electronic mail or facsimile:

/s/ *Rhonda A. Anderson*

Rhonda A. Anderson

**SERVICE LIST**

***Attorneys for Defendant Par Pharmaceutical, Inc. & IntelGenx Technologies Corp.:***
Steven J. Fineman
Katharine L. Mowery
RICHARDS LAYTON & FINGER, P.A. One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
(302) 651-7701 (Fax)
*fineman@rlf.com*
*mowery@rlf.com*

***Of Counsel for Defendant:***
Daniel G. Brown
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200
(212) 751-4864 (Fax)
*Daniel.brown@lw.com*

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Str., Ste. 2000
San Francisco, CA 94111-6536
(415) 391-0600
(415) 395-8095 (Fax)
*Jim.lynch@lw.com*

***Of Counsel for Defendant:***
Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
*Jennifer.koh@lw.com*

Emily C. Melvin
LATHAM & WATKINS LLP
330 North Wabash Ave, Ste 2800
Chicago, IL 60611 (312) 876-7700
(312) 993-9767 (Fax) *Emily.melvin@lw.com*

Terry Kearney
Michelle P. Woodhouse
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-7700
*Michelle.Woodhouse@lw.com*

***Counsel for Teva Pharmaceuticals USA***
Coy Stull
Robert Frederickson III
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
T: (202) 346-4042
F: (202) 346-4444
*jstull@goodwinprocter.com*
*RFrederickson@goodwinprocter.com*